UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MAX R. PROVINO,

Plaintiff,

v.

FIRST AMERICAN PROPERTY EXCHANGE, *Portland, Oregon*, and JUDGE CHUEY,

Defendants.

Case No. 3:25-cv-00804-AR

**ORDER TO AMEND**

---

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Max R. Provino, representing himself, brings this lawsuit against defendants First American Property Exchange and Judge Chuey Hinojosa. Provino alleges that he used First American for a 1031 property exchange and was defrauded. (Compl., ECF 1.) Provino also filed an application for leave to appear *in forma pauperis* (IFP) (ECF 4), which the court granted on June 10, 2025. (ECF 5.) On June 30, 2025, Provino filed a motion for leave to file an amended complaint, which included several documents that were not attached to his complaint. (ECF 7.) The court granted his motion to amend the complaint, instructing Provino to file his amended

complaint by July 15, 2025. On July 21, 2025, Provino filed a motion for an order that included additional documents, requesting that counsel be appointed. (Motion, ECF 9.) Nevertheless, considering that Provino represents himself, the court considers his initial complaint (ECF 1) as supplemented by the additional documents in his motions (ECFs 7 & 9) as the operative complaint. As explained below, Provino's complaint has deficiencies, and, for this lawsuit to go forward, he must file an AMENDED COMPLAINT that corrects those deficiencies.

**LEGAL STANDARD**

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior

1 *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**DISCUSSION**

Provino alleges that Jeffrey E. Church and J.T. Mendez III stole $383,944.19 from him. According to Provino, he received $317,000 in insurance proceeds after a hurricane. (ECF 1 at 6.) Later, Provino attempted to obtain title to a 28-unit apartment building in Brownsville, Texas by swapping his mother's Reno, Nevada property through a 1031 exchange. Provino wired Church and others $400,000, but Provino was denied access to the Texas property, and he did not obtain title. He subsequently sought relief from the State of Texas. Provino also alleges that "we paid them $1,000 but they were not qualified and they sent the money for a money laundering scam." (ECF 1 at 4.)

Provino provides a Reno, Nevada address for himself, a Portland, Oregon address for First American, and an Austin, Texas address for Judge Hinojosa.[2] (ECF 1 at 2, 3-4.) In his supplemental documents, he states that he wants to include Church and Escrow Officer Lisa Medrano in the complaint, presumably as defendants. (ECF 7 at 1.) According to Provino, Church and U.S. Bank President David Privett met in Privett's office in Edinburg, Texas, and

---

[2] As currently alleged, the court has subject matter jurisdiction based on diversity of citizenship because Provino and defendants are citizens of different states and the amount in controversy is $383,944.19, which exceeds the jurisdictional amount. 28 U.S.C. § 1332(a)(1).

they promised Provino that there would be no encumbrances or loans on the apartment. Provino maintains that Privett and Church failed to ensure a loan was paid off before selling the apartment. He seeks to recover $837,000. (ECF 7 at 3.)

In his most recent motion, Provino provides a letter dated May 13, 2006, from Kathy Pattison at First American in Portland, Oregon, to Ralph and Helen Provino in Reno, Nevada, stating that there is a sum of $382, 994.14 available in an exchange account for replacement property. (ECF 9 at 2.) Provino contends that Church defrauded his mother out of funds described in Pattison's letter. (*Id.* at 6.) He also includes a May 7, 2010 letter from Robert Gandy III of First National Bank to Helen Provino that refers to Provino's complaint filed with the Office of the Comptroller of the Currency. (*Id.* at 20.) The 2010 letter states that Church and Mendez are not associated with the First National Bank. (*Id.*) Moreover, Provino states that he has been attempting to recover the $382,994.19 in various actions since 2014, and that the 21-year delay is outrageous. (ECF 1, 6.)

**A. *Sufficiency of Complaint***

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an

entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As currently alleged, Provino's complaint does not satisfy Rule 8. On the civil cover sheet, Provino checks several boxes stating that his suit is premised on the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; and Other Civil Rights. (ECF 1-1 at 1.) Provino does not, however, include a short and plain statement describing any claim under those statutes. Provino also states that his causes of action are based on fraud, title house switch, and bodily injury. Yet there are no factual allegations of bodily injury in the complaint—his allegations revolve around fraud.

To establish a claim of fraud under Oregon law, Provino must allege:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Webb v. Clark*, 274 Or. 387, 391 (1976); *Bank of N.Y. Mellon v. Stabenow*, 3:16-cv-01590-MO, 2017 WL 1538156, at *8 (D. Or. Apr. 25, 2017). The court applies federal procedural rules as to how those fraud elements must be pleaded. Under Federal Rule of Civil Procedure 9(b), allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Chiba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A

plaintiff must allege more than the transactional facts and instead "must set forth what is false or misleading about a statement, and why it is false." *Id.*

Provino's allegations of fraud fail to satisfy Oregon law and Rule 9. He does not describe with particularity how defendants First American or Judge Hinojosa are connected to the alleged fraud committed by Church and Mendez. Provino does not allege what specific statements were made, by whom, why they the statements were false and material, that he was ignorant of their falsity, or that he had a right to rely on them. Even presuming the $1,000 payment described above was paid to First American, Provino does not explain when that payment was made, how First American was unqualified, or how that payment is connected to the alleged fraud. Although Provino identifies Lisa Medrano as an escrow officer, it is unclear for whom she worked, or what statements she made, or how her actions injured him. (ECF 7 at 1.) Further, Provino does not allege facts demonstrating how Pattison is connected to the alleged fraud. As currently alleged, Provino's complaint does not comply with Rule 8, Rule 9, and does not state an Oregon fraud claim. Provino must provide sufficient factual allegations of First American's, Judge Hinojosa's, Church's, and Medrano's conduct that underlies his claims, and any allegations of fraud must be described with particularity.

**B. *Personal Jurisdiction***

Without personal jurisdiction over a defendant, a court lacks judicial authority over a defendant and cannot enter an enforceable judgment against him. *Burnham v. Superior Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 609 (1990). That is, personal jurisdiction is the court's power over the person or organization being sued in federal court. Where, as here, no federal statute governs personal jurisdiction, a district court applies the law of the state in which it sits.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Oregon's long-arm statute, ORCP 4(L), authorizes personal jurisdiction over a defendant to the full extent permitted by the United States Constitution. *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To conclude that it has personal jurisdiction over a defendant named in a complaint, a court must determine that exercising power over that defendant satisfies constitutional due process requirements. *Id.* Due process requires that a defendant "have certain minimum contacts" with the forum state (here, Oregon) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).

There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction (or "all purpose" jurisdiction) does not depend on the particular controversy underlying the case. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). An individual is typically only subject to general personal jurisdiction in the state where he is domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although First American has a Portland office, it is a national company with representatives in all 50 states. (ECF 1 at 4.) Because the complaint does not provide enough facts, the court cannot determine if it has general jurisdiction over First American. Provino alleges that Judge Hinojosa is a Texas resident. The court thus does not have general personal jurisdiction over him. Provino also provides a Texas address for Church, and so the court does not have general personal jurisdiction over him. (ECF

7 at 2.) Provino provides no address for Medrano, so the court cannot assess if it has general personal jurisdiction over her.

Specific jurisdiction, in contrast, is unique to each case and "focuses on the relationship among the defendant, the forum, and the litigation." *Fiore*, 571 U.S. at 284. When a defendant's in-state activities give rise to the plaintiff's claims, specific personal jurisdiction is present. *Int'l Shoe*, 326 U.S. at 317. A defendant's relationship with the forum creates specific jurisdiction only when that relationship "arise[s] out of contacts that the defendant *himself* creates with the forum state," and not merely from the defendant's contact with a person who resides in the forum. *Fiore*, 571 U.S. at 284.

Provino alleges that he is a citizen of Nevada, and that the apartment building he sought to acquire was in Texas. (ECF 1 at 6-7.) Provino attaches a 2006 letter from Pattison from the Portland, Oregon office, yet he does not allege other events occurring in Oregon, or that the money wired in the 1031 exchange flowed through First American's Portland office. And, as noted above, the complaint contains no facts alleging that Judge Hinojosa, Church, or Medrano took any actions in Oregon. Thus, the complaint does not demonstrate that defendants had a connection to Oregon, and Provino has not alleged facts supporting this court's exercise of specific jurisdiction over First American, Hinojosa, Church, or Medrano. Provino must therefore amend his complaint if he wishes to proceed with his lawsuit in this court.

### C. *Criminal Charges*

Provino alleges that his money was stolen and that he wants to bring a criminal case against defendants. Provino is not entitled to bring criminal charges against defendants; instead, he must identify civil causes of action permitting his claims. *See Linda R.S. v. Richard D.*, 410

U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

**D. *Judicial and Legislative Immunity***

Provino names Judge Chuey Hinojosa as a defendant and asserts that court officers were corrupt, yet he also describes Hinojosa as a Texas State Senator. (ECF 2, 6-7.) As noted above, the complaint does not contain enough factual detail about what actions were taken by Judge Hinojosa. Provino is cautioned, however, that judges are generally immune from lawsuits for money damages. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). State legislators also are generally immune from civil liability for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). If Provino files an amended complaint, he must include specific factual allegations and dates so that the court can assess if judicial or legislative immunity applies here.

**E. *Statute of Limitations***

Under Oregon law, a plaintiff must file a lawsuit asserting fraud within two years from the discovery of the "discovery of the fraud or deceit." ORS § 12.110(1). Provino has submitted documents showing that Pattison from First American sent a letter about the funds available for exchange in 2006. He also attaches a letter from First National Bank dated May 7, 2010 (ECF 9 at 7.) Provino's also states in his motion that he has been pursuing relief in various courts since 2014. Provino filed his complaint in this lawsuit on May 9, 2025, which is more than 10 years after his previous court filings and 21 years after his letter from Pattison. (ECF 9 at 1, 6.) Based on Provino's assertions, it appears likely that this lawsuit is time-barred because it was filed well

beyond the two-year limitation. Should Provino decide to file an amended complaint, he must allege sufficient facts demonstrating that his lawsuit is timely.

**F. *Request to Appoint Counsel***

In his motion for an order, Provino requests that the court appoint of counsel, specifically identifying the American Civil Liberties Union (ACLU). (ECF 9 at 7-19.) At this time, because of the deficiencies in the complaint identified above, the court defers ruling on Provino's request until an amended complaint curing those deficiencies is filed.

## CONCLUSION

To avoid dismissal of his lawsuit, Provino must file an AMENDED COMPLAINT by **August 29, 2025**, with sufficient factual allegations against each defendant to demonstrate that his civil claims are plausible, plead his fraud claims with particularity, plead enough facts to support this court's personal jurisdiction over each defendant, and plead enough facts to show that Judge Chuey Hinojosa is not protected by judicial or legislative immunity, and plead facts demonstrating that his claims are timely. If Provino fails to do that, the court may dismiss this action. The Clerk of Court must not issue process until further order of the court.

DATED: July 30, 2025.

JEFF ARMISTEAD
United States Magistrate Judge